**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ANTHONY MCBRYDE, AILEEN** | § | |
| **NAME MCBRYDE,** | § | |
| *Plaintiffs* | § | |
| | § | **No.  A-22-CV-01038-RP** |
| **v.** | § | |
| | § | |
| **FREEDOM MORTGAGE,** | § | |
| **STANLEY C MIDDLEMAN, STAN** | | |
| **MOSKOWITZ,  KBHS HOME** | | |
| **LOANS, LLC,  LOANCARE, LLC,** | | |
| **STEARNS LENDING, LLC,** | | |
| **CODILIS & MOODY, P.C.,** | | |
| **ANGELA ZAVALA,  NESTOR** | | |
| **TRUSTEE SERVICES, LLC,** | | |
| *Defendants* | | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motions to Dismiss, Dkts. 14, 15, 16, 17, 25, and 27; and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

**I.      BACKGROUND**

Although purportedly a consumer credit action, this is a mortgage case regarding a loan agreement and title to the real property known as 1716 Constanta Drive, Austin, Texas 78753. Dkt. 1 at ¶¶ 24-26. Plaintiffs Anthony McBryde and

1

Aileen McBryde, who are proceeding pro se,[1] filed their Verified Complaint for Damages and Demand for Trial by Jury on October 14, 2022. Dkt. 1.

Plaintiffs claim that the servicing of the loan agreement on the Property was transferred from original lender and defendant, KBHS Home Loans, LLC, to various other servicer defendants in 2017 and then finally to defendant Freedom in 2018. *Id.* at ¶¶ 27, 28, 34, 37. Plaintiffs acknowledge receipt of letters from each servicer defendant notifying them of the transfer of the servicing of the loan agreement. *Id.* at ¶¶ 27, 28, 34, 37. Throughout this time, Plaintiffs allege that they submitted multiple letters to the servicer defendants regarding their "confusion of who actually owned and who was servicing the loan" along with letters questioning "the validity of the loan" itself. *Id.* at ¶¶ 32, 36. Nowhere do Plaintiffs allege they made all required loan agreement payments.

Plaintiffs allege that defendant law firm Codilis & Moody, P.C., sent them a notice of acceleration and notice of foreclosure sale in 2019. *Id.* at ¶ 41. They allege that they sent Codilis a qualified written request and debt dispute and that Codilis responded to their letters. *Id.* at ¶ 43, 44, 48, 49. When the foreclosure process restarted, Plaintiffs filed for bankruptcy protection on February 3, 2020, to stop the

---

[1] Complaints filed by pro se litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard, however, a pro se plaintiff must allege more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

foreclosure sale and then signed a loan modification at the resolution of the bankruptcy. *Id.* at ¶¶ 58, 59.

Plaintiffs allege that they then received a second notice of default and a notice of acceleration and of foreclosure sale in 2022. *Id.* at ¶¶ 62-64. Plaintiffs assert that Defendants lack authority to enforce the terms of the loan agreement along with statements about the mortgage industry more generally. Plaintiffs further allege that Defendants must "establish the entire chain of agency" and "prove that the debt claim exists against the subject property." *Id.* at ¶¶ 55, 69.

Based on these allegations, Plaintiffs bring claims for violations of the Fair Debt Collection Practices Act, fraud, slander of title, civil conspiracy, rescission under the Truth in Lending Act, and also seek declaratory relief regarding who has the authority to enforce the loan agreement. As remedies for these claims, Plaintiffs ask the Court to declare the foreclosure void and to quiet title and to award $100,000.00, attorney's fees, and costs.

Various Defendants move separately to dismiss the claims against each. The undersigned addresses the separate motions to dismiss in turn.

## II.      LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid*

*Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at

338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III.    DISCUSSION

### A.    Defendant Freedom Mortgage Corporation's Motion to Dismiss, Dkt. 14

Freedom Mortgage Corporation moves to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) for failure to state a claim.

#### 1.    Freedom Mortgage's Right to Enforce the Lien

Freedom Mortgage asserts that Plaintiffs' allegations and claims in this lawsuit "focus almost entirely on whether the defendants generally had or have the authority to enforce the deed of trust lien." Dkt. 14 at 4. Freedom Mortgage notes that Plaintiffs allege in their Complaint that they filed a bankruptcy case in this district in 2020 to stop a foreclosure. Dkt. 1 at ¶ 58. In the bankruptcy, Plaintiffs filed schedules under penalty of perjury listing Freedom as a secured creditor with a lien on the property without disputing the claim. Dkt. 14-1 at p.11; *see also In re Anthony McBryde*, 1:20-10036-HCM (Bankr. W.D. Tex. 2020).

Freedom requests that the Court take judicial notice of the bankruptcy case and the Plaintiffs' schedules, among other filings. *Taylor v. Charter Med. Corp.*, 162 F.3d 827 (5th Cir. 1998) (noting that a court can take judicial notice of documents filed in another court to establish the fact of such litigation and related findings); *see also Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996) (noting the Court may consider public records of which the Court may take judicial notice when

considering a motion to dismiss). Based on judicial notice of the bankruptcy filing stating that Freedom is the servicer of the loan with the right to enforce the lien, Freedom requests that Plaintiffs be estopped from taking the opposite position that Freedom does not have the right to enforce the lien. *Superior Crewboats, Inc. v. Primary P & I Underwriters (In re Superior Crewboats, Inc.)*, 374 F.3d 330, 334-35 (5th Cir. 2004) (noting that judicial estoppel is invoked when "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice")

"[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *see also Funk v. Stryker Corp.*, 631 F. 3d 777, 783 (5th Cir. 2011) (holding that the court could take judicial notice of a relevant FDA publication). The Court may judicially notice prior court documents to establish the fact of the previous litigation and the related filings. *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998)) ("A court may take judicial notice of a document filed in another court ... to establish the fact of such litigation and related filings.") (internal quotations omitted). Finally, the court can similarly accept the "occurrences and positions taken in [a prior action] for judicial estoppel purposes ...." *Reneker v. Offill*, No. 3:08-CV-1394-D, 2012 WL 2158733, at *13 (N.D. Tex. June 14, 2012).

Freedom Mortgage argues that because Plaintiffs' claims against it are all based on attacks on the transfers of the loan agreement, if the undersigned finds they

are judicially estopped from now taking the position that Freedom is not the current mortgagee, all of Plaintiffs' claims in this case should be dismissed.

When invoking judicial estoppel where "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice," the Fifth Circuit has recognized three particular requirements: (1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent. *In re Superior Crewboats, Inc.*, 374 F.3d at 335. Judicial acceptance "means only that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." *In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999). The undersigned finds that Freedom has met the three criteria, and the undersigned takes judicial notice of Plaintiffs' assertion in the bankruptcy action that Freedom Mortgage is the only secured creditor on the Property, Dkt. 14-1, and Plaintiffs are judicially estopped from claiming that Freedom is not the secured creditor in this cause of action.

### 2.    Fair Debt Collection Practices Act Claims

In their Complaint, Plaintiffs claim violation of the Fair Debt Collection Practices Act based on a letter dated September 15, 2019, along with allegations that Defendants "failed to provide evidence … [of being] a bona fide holder [of the loan agreement,] … failed to show agency for a bona fide holder of [the loan agreement,] … failed to itemize the various charges" and otherwise violated 15 U.S.C. §1692(e). Dkt. 1 at ¶¶ 71-81.

A FDCPA claim must be brought within one year of the date when the alleged violation occurs. 15 U.S.C. § 1692k(d). Here, Plaintiffs allege violations of the FDCPA in a Complaint filed on October 14, 2022, based on a letter dated September 15, 2019. The undersigned finds that Plaintiffs' FDCPA claims against Freedom Mortgage based on the referenced letter are time-barred.

The only factual allegations included in Plaintiffs' Complaint that occurred within a year of the filing of this lawsuit relate to a general statement regarding Freedom's refusal to accept payment in full and the required non-judicial foreclosure notices Plaintiffs received. Dkt. 1 at ¶¶ 61-63. Plaintiffs fail to plead any facts in support of their allegation that Freedom refused to accept payment in full and have thus failed to state a claim based on an alleged refusal to accept payment.

Additionally, the allegations regarding the non-judicial foreclosure process that preceded the filing of this suit do not support an FDCPA claim. Plaintiffs acknowledge that receipt of a notice of default, notice of acceleration, and notice of sale, Dkt. 1 at ¶¶ 62-63, are required by the Texas non-judicial foreclosure process. Tex. Prop. Code § 51.002(d) (notice of default); Tex. Prop. Code § 51.0902(b) (notice of sale). Sending statutory notices required by the Texas non-judicial foreclosure process cannot be the basis for an FDCPA claim. *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1040 (2019) (holding that the enforcement of a security interest is not debt collection). Accordingly, the undersigned finds that Plaintiffs' FDCPA claim should be dismissed.

### 3.   Fraud

Plaintiffs bring a fraud claim[2] alleging that they "would not have entered into the loan" if the alleged intent to securitize the loan would have been disclosed to them. Dkt. 1 at ¶ 95.

The elements of fraud are: (1) a knowing or reckless material misrepresentation; (2) that the tortfeasor intended to act on; and (3) that harmed the plaintiff. *Jarkesy v. SEC*, 34 F.4th 446, 455 (5th Cir. 2022). A plaintiff must also meet a heighted pleading standard when bringing fraud claims. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (stating that under the heighted pleading "standard of Rule 9(b), a plaintiff 'must state with particularity the circumstances' of the allegedly fraudulent conduct—at minimum 'the who, what, when, and where'"). Freedom Mortgage argues that Plaintiffs have failed to provide the who, what, when, and where required to properly plead a fraud claim. The undersigned agrees.

Plaintiffs' Complaint contains only conclusory statements regarding securitization of the subject loan agreement. Plaintiffs do not allege facts regarding how the alleged securitization harmed them. Accordingly, the undersigned recommends that the District Court dismiss Plaintiffs' fraud claim against Freedom.

### 4.   Slander of Title Claim

Plaintiffs also bring a claim for slander of title. Dkt. 1 at ¶¶ 103-09. A claim for slander of title requires a showing "that defendant maliciously made a false

---

[2] This claim appears to be one brought against the original lender given that Plaintiffs argue they would not have taken out the loan at all. Freedom became the mortgage servicer well after the loan originated, and therefore Plaintiffs cannot state a claim for fraud against Freedom. Dkt. 1 at ¶ 37.

statement that disparaged his title and caused special damages." *Jeanes v. Henderson*, 703 F.2d 855, 860 (5th Cir. 1983). Also, a plaintiff bringing such a claim must show a loss of a specific sale. *Van Duzer v. U.S. Bank Nat'l Ass'n*, 582 F. App'x 279, 284 (5th Cir. 2014). Plaintiffs have failed to allege facts supporting either of these elements. Plaintiffs' pleadings are insufficient to state a slander of title claim and should be dismissed.

**5.**   Civil Conspiracy Claim

Plaintiffs next bring a claim for civil conspiracy. Dkt. 1 at ¶¶ 110-17. A claim for civil conspiracy requires a showing of: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Midwestern Cattle Mktg., L.L.C. v. Legend Bank, N.A.*, 800 F. App'x 239, 248 (5th Cir. 2020).

Freedom Mortgage argues that Plaintiffs do not allege sufficient facts to state a claim for civil conspiracy because they fail to allege any unlawful or overt acts, nor do they allege any damages. Plaintiffs allege no facts that "provide plausible grounds to suggest" an unlawful agreement was made. *See Deelen v. Klein Indep. Sch. Dist.*, 2015 WL 10767059, at *5 (S.D. Tex. Mar. 31, 2015) (rejecting similarly "formulaic recitation of an element of a conspiracy claim"); *see also, e.g., Angel v. La Joya Indep. Sch. Dist.*, 717 F. App'x 372, 380 (5th Cir. 2017) (affirming dismissal of civil conspiracy claim where plaintiff's assertions of concerted action were conclusory). The undersigned finds that Plaintiffs' allegations "are inadequate to allege the meeting of the minds necessary to sustain a civil conspiracy claim." *Breitling v. LNV Corp.*, No.

3:15-CV-0703-B, 2015 WL 5896131, at *8 (N.D. Tex. Oct. 5, 2015) (dismissing analogous pro se claim in mortgage dispute). Plaintiffs' only allegations are that their loan agreement was transferred between various services from origination in 2017 until the present. This does not qualify as an unlawful act sufficient to base a civil conspiracy claim upon. *See Chapman v. Newrez, LLC*, No. 4:21-CV-03711, 2023 WL 2247053, at *3 (S.D. Tex. Feb. 27, 2023), *report and recommendation adopted*, No. 4:21-CV-03711, 2023 WL 2634050 (S.D. Tex. Mar. 23, 2023). Accordingly, Plaintiffs' claim for civil conspiracy should be dismissed.

      **6.**   Recission Claim

Plaintiffs also seek to rescind the loan agreement contract under the Truth in Lending Act. Dkt. 1 at ¶ 118-23. Plaintiffs assert they are entitled to rescind the loan agreement due to fraud, among other reasons. *Id.* A claim for rescission under the TILA must be brought within three years. *McCrimmon v. Wells Fargo Bank, N.A.*, 516 F. App'x 372, 375 (5th Cir. 2013) (citing U.S.C. § 1635(f) and holding a claim for rescission was time-barred when the claim was brought more than three years after the loan documents were executed). Plaintiffs signed the loan documents on August 24, 2017. Dkt. 1 at ¶ 25. Because more than three years have passed after the Plaintiffs signed the loan agreement they now seek to rescind, Plaintiffs' recission claim is barred by limitations and is properly dismissed. It should also be dismissed on the additional basis that they have not pleaded fraud with particularity, thereby failing to plead a basis for recission.

7.   Declaratory Relief Claims

Plaintiffs seek a declaratory judgment as to "whether any defendant followed the proper procedure pursuant to the Deed of Trust, the Texas Property Code, and the Texas Rules of Civil Procedure" and whether "any of the named Defendants have the authority to sell the subject property and remove Plaintiffs from the subject property." Dkt. 1 at ¶¶ 83-84. Plaintiffs maintain that a controversy exists regarding the lien and whether any defendant generally has the authority to enforce it. *Id.* at ¶ 86.

A declaratory judgment is remedial in nature, and where all of a plaintiff's causes of action are dismissed, a related declaratory judgment claim should also be dismissed. *Guajardo v. JP Morgan Chase Bank, Nat'l Ass'n*, 605 F. App'x 240, 250 (5th Cir. 2015). The Declaratory Judgment Act does not create a freestanding cause of action and therefore cannot support a lawsuit when all substantive claims have been dismissed. *See James v. Wells Fargo Bank, N.A.*, No. H-14-0449, 2014 WL 2123060, at *9 (S.D. Tex. May 21, 2014). A declaratory judgment claim requires an actual controversy, and a Plaintiff must plead sufficient facts to show "that an actual controversy exists between the parties to the action." *Orix Credit Alliance v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The undersigned has found that all of Plaintiffs' substantive claims are properly dismissed, thus any declaratory remedy is foreclosed.

Moreover, Freedom argues that Plaintiffs have conceded in the bankruptcy proceedings that Freedom is the party with authority to enforce the lien on the Property. The undersigned has found that Plaintiffs are judicially estopped from now

taking the position that Freedom does not have that right. Accordingly, there is no controversy between Freedom and Plaintiffs, and Plaintiffs' request for declaratory relief against Freedom should be dismissed on this basis.

Additionally, as to the request for declaratory relief regarding whether Freedom complied with the Deed of Trust, Texas Property Code, and Texas Rules of Civil Procedure, Plaintiffs admit to having received the required pre-foreclosure notices. Dkt. 1 at ¶¶ 62, 63. Plaintiffs have failed to plead how Freedom is violating these statutes, and therefore their declaratory judgment claim is not based on a separate claim or controversy. Plaintiffs' declaratory judgment claim should be dismissed.

In sum, the undersigned recommends that Defendant Freedom Mortgage Corporation's Motion to Dismiss, Dkt. 14, should be granted.

### B.     Nestor Trustee Services, LLC's Motion to Dismiss, Dkt. 15

Defendant Nestor Trustee Services, LLC also moves to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6). Nestor is identified in Plaintiffs' Complaint first as a substitute trustee, and second as being in control of an individual substitute trustee, Angela Zavala,[3] who posted the Property for a non-judicial foreclosure sale to occur on November 1, 2022. *Id.* at ¶¶ 22, 63. Otherwise, Plaintiffs generally reference "defendants" in their Complaint, ostensibly including Nestor as a defendant for all claims, although failing to plead its involvement or wrongdoing.

---

[3] Plaintiffs' claims against Angela Zavala, who has not been properly served, fail for the same reasons as the claims against Nestor and the other named individual defendants.

The Fifth Circuit has recognized that the "Texas Property Code creates a qualified immunity for mortgage trustees who make good faith errors." *Rojas v. Wells Fargo Bank, Nat'l Ass'n*, 571 F. App'x 274, 277 (5th Cir. 2014) (citing Tex. Prop. Code § 51.007). Plaintiffs have not pleaded any facts that would show that Nestor did anything other than assist with the non-judicial foreclosure of the Property in 2022 and have not pleaded that Nestor acted in bad faith. To the extent Plaintiffs have asserted claims against Nestor in a capacity other than as a substitute trustee, those claims fail for the same reasons they fail against defendant Freedom Mortgage Corporation as explicated above. The undersigned accordingly finds that Plaintiffs have failed to state a claim against Nestor and all claims against Nestor should be dismissed.

### C.      Defendant Stan Moskowitz's Motion to Dismiss, Dkt. 16

Defendant Stan Moskowitz also moves to dismiss Plaintiffs' claims against him. Plaintiffs reference Moskowitz twice in their Complaint. Dkt. 1. First, they list him as a party and to identify him as the Chief Financial Officer of Freedom Mortgage, and second as the addressee of correspondence that Plaintiffs describe as stating their concerns and objections to Freedom Mortgage servicing the loan. *Id.* at ¶¶ 16, 61.

In Texas, an employee of a corporation may be held individually liable for his or her employer's tortious acts if he "knowingly participates in the conduct or has knowledge of the tortious act, either actual or constructive." *Thule Drilling ASA v. Schimberg*, 290 F. App'x 745, 747 (5th Cir. 2008) (citing *Cass v. Stephens*, 156 S.W.3d

14

38, 62 (Tex. App.—El Paso 2004, pet. denied)). Plaintiffs have not pleaded any facts that would show that Moskowitz did so. Plaintiffs' pleadings describe that Moskowitz was simply the addressee for Plaintiffs' correspondence. This is insufficient to state a claim giving rise to liability. And to the extent Plaintiffs assert claims against Moskowitz in a capacity other than as Chief Financial Officer for Freedom Mortgage Corporation, these claims fail for the same reasons the claims fail against defendant Freedom Mortgage Corporation. The undersigned finds that Plaintiffs have failed to state a claim against Stan Moskowitz and all claims against Stan Moskowitz should be dismissed.

### D. Defendant Stanley Middleman's Motion to Dismiss, Dkt. 17

Defendant Stanley Middleman, who is referenced in the Complaint as the Chief Executive Officer of Freedom, also moves to dismiss Plaintiffs' claims against him, asserting they have failed to state a claim. In their Complaint, Plaintiffs refer to Middleman three times: (1) to list him as a party; (2) as the addressee of correspondence that Plaintiffs describe as a Tender Under Protest and Threat of Foreclosure, and (3) as addressee of correspondence that Plaintiffs describe as stating their concerns and objections to Freedom servicing the loan. *Id.* at ¶¶ 15, 40, 61. Plaintiffs have not pleaded any individual action by Middleman. Applying the analysis set forth above in addressing Moskowitz's Motion to Dismiss, the undersigned finds that Plaintiffs' claims against Middlemen should be dismissed for failure to state a claim.

E.      Defendant Codilis & Moody, PC's Motion to Dismiss, Dkt. 25

Defendant Codilis is a foreclosure law firm that defendant Freedom Mortgage Corporation retained to advise and assist it regarding the foreclosure of the lien on the Property. As a result of Plaintiffs' unresolved default under the terms of the Note and Deed of Trust, Codilis, in its capacity as foreclosure counsel to Freedom Mortgage Corporation, sent Plaintiffs a Notice of Acceleration on December 27, 2019. Plaintiffs' Complaint fails to specifically state which causes of action they are alleging against Codilis, generally asserting all causes of action against all Defendants.

In general, under the doctrine of attorney immunity, attorneys are immune from suit by their client's adversaries for conduct undertaken in their capacity as attorneys. *Campbell v Mortgage Electronic Registration Systems Inc.*, No. 03-11-00429-CV, 2012 WL 1839357, at *5-6 (Tex. App.—Austin, May 18, 2012, pet. denied.) (mem. op.) (attorneys hired to assist a mortgage beneficiary in the non-judicial foreclosure of real property were immune from the borrowers' suit for wrongful foreclosure). Under Texas law, attorneys are immune from civil liability to non-clients for actions taken in connection with representing a client in litigation. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). So long as an attorney's complained-of conduct was performed in the course and scope of his representation of his client and also required the office, professional training, skill, and authority of an attorney—immunity bars any and all claims against the attorney. *Id.*

Specific to this case, foreclosure counsel are improper parties in federal court suits seeking liability by foreclosed-upon individuals, when they are sued in their

16

capacity as legal representatives. *See e.g., Lassberg v. Bank of Am., N.A.,* 660 F. App'x 262, 266 (5th Cir. 2016*); Trang v. Taylor Bean*, 600 F. App'x 191 (5th Cir. 2015). Additionally, Texas courts have rejected the contention that foreclosure counsel can be independently liable to a borrower for assisting the mortgagee with foreclosure. *See Givens v. Midland Mortg. Co.*, 393 S.W.3d 876, 881 (Tex. App.—Dallas 2012, no pet.) (affirming summary judgment to law firm acting as legal counsel for mortgage servicer in providing foreclosure notice on behalf of lender); *Campbell,* 2012 WL 1839357, at *6 (affirming dismissal of claims against law firm for actions taken within scope of representation of client during non-judicial foreclosure); *Smith v. National City Mortgage*, No. A-09-CV-881-LY, 2010 WL 3338537, *4 (W.D. Tex. 2010) ("Representing a mortgage company and filing a foreclosure action against homeowners who have defaulted on their loan is clearly the kind of conduct an attorney engages in as part of the discharge of his duties in representing a party in a lawsuit.").

Because Plaintiffs have failed to plead or identify any act by Codilis outside the law firm's capacity as Freedom Mortgage's counsel in the foreclosure action against Plaintiffs, Plaintiffs' claims against Codilis fail as a matter of law.

### F.   Defendants LoanCare and Stearns Lending's Motion to Dismiss, Dkt. 27

Defendants LoanCare and Stearns Lending, LLC move to dismiss Plaintiffs' claims asserting they are either barred by limitations or fail as a matter of law. LoanCare was the lender, and Stearns serviced the loan used to finance the Property in this suit from August 29, 2017, to May 8, 2018. Defendant LoanCare, LLC, was

17

acting on behalf of Stearns Lending, LLC as the mortgage servicer. The undersigned finds that Plaintiffs' Complaint fails to state a claim against LoanCare, LLC, and Stearns because all claims are either barred by limitations or fail as a matter of law.

Defendants LoanCare, LLC, and Stearns Lending, LLC, move to dismiss on largely the same basis as Freedom Mortgage. The undersigned finds that, like their claims against Freedom Mortgage, and based upon the same analysis set out above, Plaintiffs' FDCA[4] and Truth in Lending claims against LoanCare, LLC and Stearns Lending, LLC are barred by limitations. Additionally, any civil conspiracy claim is subject to a two-year statute of limitations, and since LoanCare, LLC and Stearns Lending, LLC, have not serviced Plaintiffs' loan since 2019, the civil conspiracy claim against them is also barred. *Academy of Allergy & Asthma v. Quest Diagnostics, Inc.*, 998 F.3d 190 (5th Cir. 2021).

Similar to the analysis regarding their fraud claim in relation to Freedom Mortgage, Plaintiffs also fail to adequately plead a fraud claim against LoanCare, LLC, and Stearns Lending, LLC, as they have failed to plead any sufficiently supporting facts or statements. As for Plaintiffs' slander of title claim, it also fails as they have not identified any false statement or damages related to a statement by LoanCare, LLC and Stearns Lending, LLC. Lastly, Plaintiffs' request for declaratory relief fails as they have failed to establish any viable freestanding claim upon which

---

[4] Plaintiffs' FDCA claim against these parties is also barred by limitations on the additional basis that LoanCare, LLC and Stearns Lending, LLC stopped servicing the mortgage on the Property when the loan was transferred on May 2, 2018. Dkt. 1 at ¶ 37.

to base such a remedy. LoanCare, LLC and Stearns Lending, LLC's motion to dismiss should be granted.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Motions[5] to Dismiss, Dkts. 14, 15, 16, 17, 25, and 27, and **DISMISS** all claims against Defendants Freedom Mortgage Corporation, Nestor Trustee Services, LLC, Stan Moskowitz, Stanley Middleman, Codilis & Moody, P.C., LoanCare, LLC, and Steans Lending, LLC. It is **FURTHER ORDERED** that the referral to the undersigned is **CANCELED**.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[5] KBHS Home Loans, LLC and Angela Zavala have not filed motions to dismiss.

court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985);

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 14, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE